UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY MAINTENANCE CO. INC., <br><br>       Plaintiff, <br><br>v. <br><br>SALVATORE GIGANTE and LATOYA ALLEN, <br><br>       Defendants. | Civil Action No. 24-cv-00147-DLC <br><br>**DECLARATION TO WITHDRAW AS COUNSEL FOR LATOYA ALLEN** |

      JEFFREY BENJAMIN, ESQ., pursuant to 28 U.S.C. §1746, declares the following under penalties provided by law:

      1.      I am a partner of the firm The Linden Law Group, P.C., attorneys for Defendant in this action.

      2.      I respectfully submit this Declaration in support of my firm's Motion to withdraw as counsel to Plaintiff in this matter, pursuant to Local Rule 1.4 and RPC 1.16.

      3.      In summary, this motion is primarily based on Defendant Latoya Allen's almost complete lack of communication with the undersigned in this case dating back to November 12, 2024. Communication prior to that date was strained, but has since then utterly broken down.

      4.      The substance of the scant communication will not be revealed here so as not to betray client confidences. However, in that minimal communication, Ms. Allen has refused to pay additional legal fees.

      5.      This office was retained by Defendant Allen on April 26, 2024. As such, for the period of over a year, this firm has diligently represented her through, *inter alia*, Court

conferences, written discovery, depositions of the parties, and co-defendant's motion for summary judgment.

6. The current status of this case is that the parties are about to schedule and submit to Mediation.

7. It is well established law that an attorney may withdraw as counsel of record upon a showing of good and sufficient cause and upon reasonable notice to the client. (See *Mauer of Dunn*, 205 NY 398 [912]; *Rivardeneria v. NYC Health and Hospital Corp.*, 306 AD2d 394 [2d Dept 2003]. In particular, an attorney may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the attorney to carry out his employment effectively." (See *Green v. Gasparini*, 24 AD3d 505 [2d Dept 2005]; *Walker v. Mount Vernon Hospital*, 5 AD3d 590 [2d Dept 2004]; *Aragona v. Shaibani*, 138 AD3d 649 [2d Dept 2016].)

8. Here, the undersigned has come to an irreconcilable impasse with respect to the method and manner necessary to continue this representation, as well as the unacceptable lack of communication between lawyer and client making it essential that the undersigned Firm be relieved.

9. I and my firm will not assert a charging or retaining lien on this case.

10. However, I respectfully request that the Court grant a reasonable amount of time to Defendant Latoya Allen, perhaps 30 days or that deemed appropriate by the Court, to make the decision whether to hire new counsel or proceed with this matter on a *pro se* basis.

WHEREFORE, the undersigned counsel requests that an Order be entered herein relieving counsel from representation of Defendant LATOYA ALLEN, and granting a period of time for her to find new counsel or otherwise proceed, along with other and further relief as the Court deems

appropriate

Dated: New York, New York
May 2, 2025

                                            THE LINDEN LAW GROUP, P.C.

                                            *Jeffrey Benjamin*

By:    Jeffrey Benjamin, Esq.
Attorneys for Defendant LATOYA ALLEN
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 655-9536

3